IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger L. Kelley, ) | C/A No. 0:18-167-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER REGARDING** |
| ) | **AMENDMENT OF COMPLAINT** |
| Summitt Food Service, *Owner and Director*; ) | |
| Director of S.A.C.D.C.; Sheriff; Unknown ) | |
| Defendants, *of S.A.C.D.C.*; Unknown ) | |
| Defendants, *of Summitt Food Service*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Roger L. Kelley, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint has been filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). By order dated February 1, 2018, the court provided Plaintiff an opportunity to file the documents necessary for the issuance and service of process. (ECF No. 5.) Plaintiff complied with that order. Now, having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.    Factual and Procedural Background**

Plaintiff, an inmate at the Sheriff Al Cannon Detention Center, alleges that Summitt Food Service ("Summitt") began serving food at the detention center on September 1, 2017. (Compl., ECF No. 1 at 6.) Plaintiff alleges that since then, Summitt has served inadequate amounts of food that fall below the federal minimum standards for caloric intake for inmates. (Id.) He also alleges

PJG

that much of the food is spoiled, and it is often served late. (Id.) Separately, Plaintiff alleges the detention center has black mold, mildew, and poor ventilation. (Id.) Finally, Plaintiff claims these deprivations are an attempt to get a guilty plea out of an innocent person, personally referring to himself. (Id.) He alleges these deprivations are the result of reckless indifference to his rights and amount to punishment. (Id.) He raises claims pursuant to the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and he seeks damages for his injuries. (Id. at 4, 7.)

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009);

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Iqbal, 556 U.S. 684 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.   Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Claims of pretrial detainees against detention center officials regarding conditions of confinement are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. See Bell v.

Wolfish, 441 U.S. 520, 535 & n.16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). The United States Court of Appeals for the Fourth Circuit has held that the standard for determining whether detention center officials have violated a pretrial detainee's right to due process is deliberate indifference. See Hill, 979 F.2d at 991. Generally, to establish a claim based on alleged deliberate indifference, an inmate must establish two requirements: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

Plaintiff names three defendants in the Complaint, but he also indicates he seeks to raise claims against "unknown defendants." The court finds that Plaintiff either fails to state a claim upon which relief can be granted as to each of these defendants, or has named a defendant that is immune from suit.

### 1. Summitt Food Service

Summitt Food Service appears to be a private company, though the Complaint is silent on the issue. A private company that provides services to a publicly run prison or jail can be considered a "state actor" that is amenable to suit pursuant to § 1983. See West v. Atkins, 487 U.S. 42, 49 (1988) ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' ") (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 n.18 (1982)); see also Mozden v. Helder, No. 5:13-cv-5160, 2014 WL 2986711, *2 (W.D. Ark. July 2, 2014) (collecting cases that found prison

food service providers were state actors because "the food service provider has assumed the state's constitutional obligation to provide a nutritionally adequate diet to inmates.").

However, where a plaintiff seeks relief against a private company pursuant to § 1983, he must show that a policy or custom led to the constitutional depravation. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) ("[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights."). Here, Plaintiff has failed to plausibly allege that a policy or custom of Summitt Food Service caused Plaintiff to be served a nutritionally inadequate diet in violation of the Fourteenth Amendment. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against this defendant.

### 2. Director of SACDC

As to the Director of the Sheriff Al Cannon Detention Center, Plaintiff fails to alleges any facts about this defendant. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d, 928 (4th Cir. 1977)). Because Plaintiff has failed to plead facts that would show the Director of the Sheriff Al Cannon Detention Center was personally involved in the deprivation of his rights, the court finds Plaintiff fails to state a claim upon which relief can be granted against this defendant.

*PJG*

3. **Sheriff**

While Plaintiff presumably seeks to name the Sheriff of Charleston County as a defendant in this case, the simple designation of "Sheriff" is not sufficient to identify a person or entity amenable to suit. However, even assuming Plaintiff correctly named the Sheriff of Charleston County, such a defendant would be immune from suit. In South Carolina, sheriffs are agents of the state rather than employees of the counties. See Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities), aff'd, 878 F.2d 379 (4th Cir. 1989) (table). And the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[1] Accordingly, to the extent Plaintiff correctly named the Sheriff of Charleston County, his § 1983 claim against that defendant is immune from suit.

4. **Unknown Defendants**

To the extent Plaintiff seeks to raise a claim against other individual defendants pursuant to a pseudonym because he does not known their names, Plaintiff fails to identify any individuals in

---

[1] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).



his pleading, much less allege facts that would plausibly show such individuals were personally involved in the deprivation of his rights. See Iqbal, 556 U.S. at 676. Accordingly, Plaintiff fails to state a claim upon which can be granted against the "unknown defendants."

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii & iii) and § 1915A(b) for failure to state a claim upon which relief can be granted and for seeking relief against a defendant that is immune from suit. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[2] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 2, 2018
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915 and § 1915A.

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).